STATE EX REL. WATERFORD TP. (BD. OF ED.) v. JAMES HICKMAN ET AL.

NEW SCHOOL CODE (97 O. L. 334) UNCONSTITUTIONAL INSOFAR AS IT ATTEMPTS TO RECREATE AND LEGALIZE SPECIAL SCHOOL DISTRICTS.

> The parts of the act of the general assembly of April 25, 1904 (97 O. L. 334 *et seq.*), insofar as they attempt to recreate and equalize special school districts theretofore "existing," are in conflict with that part of Sec. 26, Art. 2, of the state constitution which provides that "all laws of a general nature shall have a uniform operation throughout the state," and are, therefore, unconstitutonal and void. State v. Spellmire, 67 Ohio St. 77, followed.

QUO WARRANTO.

This is a petition in quo warranto to oust from office the respondents who are acting as directors of a special school district organized by an act of the general assembly of the state of Ohio entitled "An act to establish a special school district in Waterford township, Washington county, Ohio (94 O. L. 630, 631), passed April 14, 1900, and known as "Coal Run special school district," claiming that said act was in violation of Sec. 26 of Art. 2 of the constitution of Ohio, which provides that "All laws of a general nature, shall have a uniform operation throughout the state."

The petition was filed in July, 1903, and service made in the same month. October 30, 1903, a supplemental petition was filed averring that one of the respondents had died and one had resigned since filing the petition and the appointment and acceptance of two persons who are acting as directors.

The case stood on the docket practically untouched till this term when respondents filed an answer saying that, "they admit that on April 14, 1900, an act was passed by the general assembly of the state of Ohio as alleged in, and as set forth in, the petition herein; they admit that at the time of the filing of said petition, by authority of said act, said Hickman, Ross and Bartlett had been elected and then were the acting directors of said Coal Run special school district, and as such directors claimed to have and exercise the authority alleged in said petition, and had in fact done the acts alleged in said petition; they admit that said act was, as held by the Supreme Court of Ohio, in contravention and violation of Sec. 26, Art. 2 of the constitution of Ohio;

State v. Hickman.

they admit that since the filing of said original petition said respondent, James Hickman, resigned his said office of director of said Coal Run special school district, and the same has been accepted, and that the respondent, David Ross, died, and that said Freeman S. Beebe and Lemuel Rose have been appointed directors of said Coal Run special school district to fill the vacancies caused by the resignation of said James Hickman and the death of said David Ross, and are now filling the office of and acting as directors of, said special school district, and exercising all the rights and privileges, and doing and performing all the things formerly done and performed by said James Hickman and David Ross as set out in said original petition.

"The said respondents, J. Wesley Bartlett, Freeman S. Beebe and Lemuel Rose, aver that they are, under and by virtue of an act of the general assembly of the state of Ohio entitled, "An act to provide for the organization of the common schools of the state of Ohio, and to amend, repeal and supplement certain sections of the revised statutes and laws of Ohio herein named," passed April 25, 1904, and found in 97 O. L. 334 to 381, both inclusive, and especially under Lan. R. L. 6381 and 6415 (R. S. 3891 and 3928), as amended by said act, the duly elected, qualified and acting directors of the Coal Run special school district, and the members of the board of education of said special school district, and that under said act said the Coal Run special school district is a legally existing and valid special school district, containing the same territory as the Coal Run special school district intended to be created by said act passed April 14, 1900, set out in the petition herein, namely: the territory described in Sec. 1 of said act passed April 14, 1900; that on April 25, 1904, and at all times since the year 1900, there has actually existed in Waterford township, Washington county, Ohio, a special school district, known as Coal Run special school district, containing the territory and having the boundaries set forth in Sec. 1 of said act passed April 14, 1900; which on April 25, 1904, and for more than three years theretofore, actually existed as a complete, active *de facto* special school district, in charge of an actual, active and *de facto* board of school directors, and board of education, consisting of these respondents and their predecessors named in the original petition herein, containing schoolhouses and schools in charge of, and conducted by, these respondents and their said predecessors as officers and members of the board of education of said special school district; and that on April 25, 1904, under and by virtue of said act of April 25, 1904, said territory, which is hereinafter described, became a special school district, in charge of these

answering respondents as the directors, officers, and members of the board of education thereof, until their successors are elected and qualified as provided by said act, for the reason that these respondents were on said April 25, 1904, and theretofore, the officers and the members of the board of education of said existing special school district, which said existing special school district, existing on and prior to April 25, 1904, and which now existing special school district under said act passed April 25, 1904, contained and contains the following described territory situate in Waterford township, Washington county, Ohio, known at all times as Coal Run special school district, to wit:

(Description follows.)

"These answering respondents allege that under and by virtue of said act of April 25, 1904, said territory now constitutes a special school district, known as the Coal Run special school district, and that they are now the directors and members of the board of education of said special school district, with all the powers and authority conferred upon such officers by the laws of the state of Ohio.

"Wherefore these answering respondents pray that the prayer of said original petition and of said supplemental petition may be wholly denied and said petition and said supplemental petition dismissed, at the costs of said relator, and that they may have any and all relief to which they are entitled."

The relator demurred to the answer, assigning as reason, that the same did not state facts sufficient to constitute a defense to the petition.

**J. C. Preston,** for plaintiff.

**A. D. Follet,** for defendants

## PER CURIAM.

We are unable to discover any special virtue in the facts set out in the answer, for if it contains a defense it could as well have been made by demurrer to the petition; the gist of the answer as we construe it being, besides its admissions, a plea of a pre-existing *de facto* special school district under the special act of April 14, 1900, and that the same is now a legally existing and valid special school district under and by virtue of the act of the general assembly of 1904, referred to.

The only question now, as we conceive, is as to whether the special school districts throughout the state created severally by special acts of the general assembly and conceded to be in contravention of the constitution, are recreated and legalized as special school districts by general reference to the same in the general act named of April 25, 1904, or is

the part of the act, referring to such districts, legislation special in character?

Laning R. L. 6381 (R. S. 3891) provides that:

"Any school district, now existing, other than a city, village or township school district, and any school district organized under the provisions of Chap. 5 of this title, shall constitute a special school district."

Laning R. L. 6415 (R. S. 3928) provides that:

"Nothing herein contained shall be so construed as to abolish any special school district now existing, but all such districts whether created under the provisions of a general or special act, including the territory now constituting such special district shall, unless changed under the provisions of this chapter, continue to be and remain and be recognized and regarded as legal special school districts."

At the passage of the act there were no special school districts "existing,"—the acts, by which their creation had severally been attempted, had been declared void and the reference to them in the sections above must be deemed to be simply a description of territory out of which the certain several special school districts were to be created by the general act. It is beyond the power of the general assembly to create a single special school district.

Can it create ten or one hundred, if that be the number heretofore attempted to be created? Certainly not, because such attempt would be special legislation.

Is it any the less special by reason of being edged in between two sections of a general statute following Lan. R. L. 6381 (R. S. 3891), which attempts to mark out an arbitrary classification, which we think beyond the legal powers of the general assembly to make? We think not.

The holding of this court will be that the features of the act of April 25, 1904, attempting to recreate and legalize special school districts theretofore existing are in contravention of that part of Sec. 26, Art. 2 of the constitution of Ohio, which provides that all laws of a general nature shall have a uniform operation throughout the state, and are unconstitutional and void.

Demurrer to the answer sustained and judgment of ouster entered.